THE PEOPLE v. JOHN KOLL and JOHN BECHTEL.

The "act to amend an act to create a fund in aid of the society for the
reformation of juvenile delinquents," etc. (Laws of 1839, chap. 13),
contemplates only one offense, the opening of a theater, etc., without
a license; but *two* classes of offenders, viz., managers and owners,
uniting to commit it. The offense being one and entire, the penalty is
one, and several penalties cannot be imposed on the several offenders.

APPEAL from judgment of New York Superior Court.

The action was to recover a penalty of $500 for giving
theatrical exhibitions without a license, in violation of an
act entitled "An act to amend an act to create a fund in aid
of the society for the reformation of juvenile delinquents in
the city of New York, and for other purposes," passed Feb-
ruary 1, 1839. (Laws of 1839, chap. 13.)

The complaint alleged and set forth that the building, situ-
ated in the city of New York, and known by the street num-
bers 515 to 519 Fourth street, and known as the New York
Volks theater, has been opened for exhibiting theatrical per-
formances since the 1st day of November, 1860, without any
license therefor having been first obtained from the mayor of
said city of New York; that since the 1st day of November,
1860, theatrical performances have been exhibited repeatedly
in said building with the knowledge and assent of the defend-
ants in this action; that John Bechtel, one of the defendants,
is and was at the times hereinbefore mentioned, the owner
or lessee of said building, and leased or let out the same to
the defendant, John Koll, for the purpose of being occupied
during the time herein mentioned as such theater as afore-
said, and for exhibiting the said theatrical performances
therein, and assented to the said building being used for
exhibiting them, the theatrical performances as aforesaid.
That John Koll, one of the above named defendants, has been
since the 1st day of November, 1860, and was at the time
said theatrical performances were exhibited, and now is, the
lessee from said John Bechtel, of the said building, and the

manager and proprietor of the business of exhibiting theatrical performances therein. That the defendants, and each of them, have neglected to take out any license for exhibiting theatrical performances in said building, and have each of them consented and allowed such theatrical performances to be exhibited without first taking out such license, in violation and disregard of the provisions of the act of the legislature of the State of New York, entitled "An act to amend an act to create a fund in aid of the society for the reformation of juvenile delinquents in the city of New York, and for other purposes," passed February 1, 1839. Wherefore, by reason of the provisions of the said act of the legislature, the defendants have become subjected to a penalty of $500 for such neglect and omission as aforesaid.

And the plaintiffs further show and state that the society for the reformation of juvenile delinquents in the city of New York, in the name of the said plaintiffs, the people of the State of New York, sue for the said penalty for the use of the said society, according to the provisions of the said statute. Wherefore the plaintiffs demand judgment against the said defendants, in the sum of $500, the amount of such penalty, etc.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained at the Special Term. On appeal to the General Term, the order of the Special Term was reversed, and it was ordered that the plaintiffs have judgment on the demurrer, with costs. Leave was given to the defendants to withdraw their demurrer, and answer within twenty days after the entry of the order, upon paying to the plaintiffs the costs of the demurrer, and the proceedings thereon at Special Term.

More than twenty days having elapsed from the entry of the order, and the defendants serving no answer, judgment was entered against the defendants.

From this judgment the defendants appeal to this court.

*Edward R. Robinson*, for the respondent.

WRIGHT, J. The appeal is from an order or judgment overruling a demurrer to the complaint in the action. The defendants were sued, to recover a penalty for opening a place for theatrical exhibitions in the city of New York, without obtaining a license therefor from the mayor, in violation of a statute enacted in 1839. (Laws of 1839, chap. 13.) The appellants have furnished no appeal, book or points, on their part, and the appeal has been probably abandoned. It is without merit, and has served, doubtless, the intended purpose, viz.: a delay of nearly six years.

The act mentioned, declares that "No theater, circus, or building, garden or grounds, for exhibiting theatrical or equestrian performances, in the city of New York, shall be opened for such exhibitions, unless the manager or proprietor thereof, shall first and annually obtain from the mayor of said city, a license therefor; which license the said mayor is authorized to grant to continue in force until the 1st day of May next ensuing the grant thereof. And every manager or proprietor neglecting to take out such license, or consenting or allowing such performance, without first taking out the same; and every owner or lessee of any building in said city, who shall lease or let out the same for the purpose of being occupied as such theater or circus, or building for exhibiting theatrical or equestrian performances, or shall assent that the same be so used for the purposes aforesaid, and the same shall have been so used by any manager or proprietor thereof, who shall not have previously obtained such license, shall be subjected to a penalty of $500 for every such neglect or omission; which penalty the society for the reformation of juvenile delinquents in said city, are hereby authorized, in the name of the people of this State, to prosecute, sue for, and recover for the use of said society." (§ 1.)

The complaint stated, in substance, that a building in Fourth street, in the city of New York (giving the street number), and known as the New York Volks theater, has been opened since November 1860, without any license therefor having been first obtained from the mayor of the city of New York; that since the 1st November, theatrical

performances have been exhibited repeatedly in said building with the knowledge and assent of the defendants; that the defendant Bechtel is, and was during such time, the owner or lessee of this building, and leased or let out the same to the defendant Koll, for the purpose of being occupied during the time mentioned as such theater, and for exhibiting the said theatrical performances therein, and assented to the said building being used for exhibiting therein; that the defendant Koll has been since the 1st day of November 1860, and was at the time such theatrical performances were so exhibited, and now is, the lessee from Bechtel, of said building, and the manager and proprietor of the business of exhibiting theatrical performances therein; that the defendants, and each of them, have neglected to take out any license for exhibiting theatrical performances in said building, and have each of them consented and allowed such theatrical performances to be exhibited without first taking out such license, in violation and disregard of the act, etc. Wherefore the defendants have become subjected to a penalty of $500 for such neglect and omission as aforesaid, and for which penalty judgment is demanded.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

There is clearly no substance in the demurrer. The complaint shows a good cause of action against both defendants. This is so, even if there be any point (which there is not) in the position assumed at Special Term, that under the statute the manager of a theatre, and the owner of the building in which theatrical representations are had, are guilty of different offenses and liable to separate penalties. The allegations that the defendant Bechtel was owner, and the defendant Koll, lessee, and that they assented to the giving of theatrical performances in the building; that Bechtel owned the building, and that Koll was manager of the performances, and that they both assented and consented to the performances are sufficient to make out one cause of action against both defendants. If it even conceded that the addi-

tional averments in the complaint that Koll was lessee, or that Bechtel let to Koll for the purpose of giving theatrical representations, tend to show that the defendants are liable to separate penalties, their averments are not to be regarded on this demurrer. It is enough that without them, a cause of action is shown against both defendants, and the prayer for judgment determines the character of the action.

But it is unnecessary to reject any allegations of the complaint, as a whole, it shows a good cause of action against both defendants. It is not true that by a proper construction of the act upon which the action is founded, that the manager of the enumerated exhibitions, and the owner of the place of exhibition are liable to separate penalties. The act contemplates only one offense, the opening of a theatre, circus, etc., for theatrical or equestrian exhibitions without a license therefor being first obtained; but *two* classes of offenders, viz., managers and owners uniting to commit it. In such case it is well settled that the offense, being in its nature one and entire, the penalty is one, and several penalties cannot be imposed on the several offenders.

In any view that may be taken of the case, the demurrer was properly overruled.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.